FRANKLIN W. HUNT *v.* THE NEW YORK AND ERIE RAILROAD COMPANY.

The liability of a common carrier, for injuries to goods, is limited to such injuries as are sustained while the goods are in his possession. He is not liable for injuries occurring after they have passed to the custody of others, beyond the route for which he is by law permitted to transport them, nor for such as occurred before they came into his possession.

When goods are delivered to a carrier for transportation beyond the terminus of his line, and they are there delivered to another carrier to be forwarded, the latter is not liable for any damage to the goods, except upon proof that the injury occurred while they were in his custody. And it makes no difference that he received freight as agent for the other lines in addition to his own charges for transportation.(a)

APPEAL by plaintiff from a judgment of the Marine Court. This was an action against the defendants as common carriers, to recover damages for injuries to the goods of the plaintiff. The goods were delivered to the Northern Indiana Railroad Company, to be carried to Bergen, New Jersey. They were forwarded, after leaving that road, by the road of the defendants, who collected, on delivery, the freight for the entire transportation. On being opened, the goods were found injured by water, and this action was brought against the defendants to recover damages for the injuries. There was no proof that the injury occurred while the goods were in the defendants' possession. The complaint was dismissed, and the plaintiff appealed.

*Niles and Bagley*, for the appellant, cited *Bostwick* v. *Champion*, 11 Wend. R. 571; S. C. Aff'd. 18 Wend. 175; *Weed* v. *Saratoga and Schenectady Railroad Co.*, 19 Wend. 534; *Bowman* v. *Seall*, 23 Wend. 306.

*Eaton and Davis*, for the respondents. The termini of the New York and Erie Railroad are known and certain, and beyond them, after delivering the goods entrusted to it, to a forwarding line in the usual and customary manner, the company, *as matter of law*, is not liable for any loss or damage thereafter occurring to them. *Van Santvoord* v. *St. John*, 6 Hill, 151; *Farmers' and Merchants' Bank* v. *Champlain Transportation Company*, 23 Vt. 186, 209; *Nutting* v. *Conn. River Railroad Co.* 1 Gray (Mass.), 502; *Garside* v. *Trent and Mersey Trans. Co.* 4 T. R. 581; *Ackley* v. *Kellogg*, 8 Cow. 223; 1 Parsons on Con. 636, note *j*, 687, note *k*. And of course the converse is true, that it is not liable for loss

(a) Compare *Louis Krender* v. *Henry H. Woolcott and others, ante*, p. 223.

or damage occurring to the goods before they come into the company's possession.

INGRAHAM, FIRST. JUDGE.—On the 5th of April, 1854, the plaintiff 'delivered to the Northern Indiana Railroad Company certain property, to be forwarded to Bergen, N. J. On the 3d of May the goods were received at the depot of the Erie Railroad Company, and on the 10th of May were delivered by the company to the plaintiff, he at the time paying the defendants for transportation on their own road as well as the charges for transportation on the other roads. The goods were injured by wet, but no proof was given to show where the injury took place, nor at what time. The evidence only showed, by the opinion of a witness, that the injury had happened at least a fortnight previous to the delivery of the goods to the plaintiff. The justice dismissed the complaint.

The evidence was insufficient to fix any liability upon the defendants. They had made no contract of transportation with the plaintiff, and as carriers they were only liable for damage done to the goods while in their custody. There is no principle of law by which the defendants would be held liable for the negligence of other carriers who had previously been in charge of the plaintiff's goods. It is not shown that any such damage happened while the goods were in the defendants' possession; on the contrary, the evidence shows that from the appearance of the goods the injury had occurred at least a fortnight previous, and the fair presumption is, that it had happened before the defendants received them; besides, the plaintiff's admission is proven, that in his opinion the damage had not taken place while the goods were in the charge of the defendants.

It is not necessary, for the decision of this case, to inquire into the extent of liability of the company with which the contract was made. If either of the carriers is liable for the whole route, it could only be the one who made the original contract for transportation. Those who subsequently received and forwarded the goods can only be liable for damage done by themselves,

and not before the goods came to their custody. This point was discussed in *Van Santvoord et al.* v. *St. John*, 6 Hill, 157; *Mallory* v. *Burritt*, 1 E. D. Smith, 234, and *Erne* v. *The New York and Erie Railroad Co.*, New York Com. Pleas, Gen. Term, June, 1855, in all of which the liability of the carrier was limited to injuries sustained while the goods were in his possession, and not after they had passed to the custody of others, beyond the route for which the carrier was by law authorized to transport them.

It is said the defendants received the freight for the whole distance, and therefore are responsible; but it is apparent from the receipt that they received such freight only as agent for the other lines, while the charge for their own freight is separate and distinct from the other charges.

A recovery is asked for also against the defendants because the goods were not delivered at Bergen, but were brought to Jersey City. The only charge of the defendants for freight appears to be from Bergen to Jersey City, where the goods were delivered to the plaintiff, and where the freight from Bergen to Jersey City was paid by him. It may well be presumed that he assented to such change of destination, from his paying the freight there; and, at any rate, before the defendants could be made liable for not delivering at Bergen, it ought to appear that they had received the property previously to be delivered at that place. Even if such fact had been proven, no damage is proven for the error, and in such a case the damages recovered would be only nominal.

Judgment affirmed.